## 10941.  SALMON *v.* FLOYD COUNTY.

The tax-receiver was entitled to the same compensation as the tax-collector of the county for the year 1918, under the act approved on August 17th of that year, by which section 1202 of the Civil Code was amended so as to provide that "the county shall pay the receiver the same compensation as the collector gets for the collection of the county taxes." The tax-receiver's services for the year did not end with the completion of his digest; and his commissions were not due and collectible until after the collection of taxes for the year by the tax-collector.

DECIDED MARCH 2, 1920.

(Certiorari was granted by the Supreme Court.)

Complaint; from city court of Floyd county—Judge Nunnally. September 2, 1919.

The petition of J. Z. Salmon against Floyd County, as amended, alleges, in substance: The petitioner is the duly elected and qualiled tax-receiver for Floyd county for a term of four years beginning January 1, 1917. The assessed valuation of the property of Floyd county for purposes of taxation, as shown by the tax-register for the year 1918, was $16,565,092, and the rate of taxation as fixed by the board of commissioners of roads and revenues of the county, for the year 1918, was a total of 90 cents on each $100. This tax rate was assessed and fixed by the said board at a meeting held on September 3, 1918, and did not become legal and binding until after it had been advertised once a week for four weeks thereafter in accordance with law. By the terms of an act of the General Assembly, approved August 17, 1918, the compensation of tax-receivers in Georgia was made the same as that of the tax-collector; and on this basis the amount due the petitioner by the county as compensation for his services as tax-receiver for the year 1918 was a total of $2,346.07, written demand for which was made by the the petitioner upon the said commissioners. The said board refused to pay the said account in full, but paid the petitioner the

sum of $1,173.40; which was paid to and received by him without prejudice to his right to collect the balance of the amount claimed; the said commissioners claiming that the said act of the General Assembly did not apply for the year 1918. There is due him a balance amounting to $1,173.03, as his compensation as such tax-receiver for the year 1918, with interest thereon at the rate of 7% per annum from December 20, 1918; for which sum he sues. The digest required by law to be compiled and forwarded to the State tax-commissioner and approved by him before a copy of it is turned over to the board of commissioners and to the tax-collector was not examined, corrected, and approved by the State tax-commissioner until after August 17, 1918. The comptroller-general of the State, acting under authority given him by the tax act of 1913, extended the time allowed tax-receivers of the State to complete their digests from August 1, 1918, to a date subsequent to August 17, 1918.

The petition was dismissed on demurrer. The demurrer was on the grounds: (1) No cause of action is set forth. (2) The petition shows that the petitioner is entitled to receive only the compensation paid him, and not the increased compensation provided for in the act referred to. (3) The petition shows that the act under which the increased compensation is claimed was passed after the expiration of the time for completion of the work of the tax-receiver for the year 1918. (4) The services of the tax-receiver for the year 1918 could only be upon a quantum meruit basis for the services rendered by him for the remainder of the year, after the approval of the act referred to, and no facts are alleged on which to base such a quantum meruit claim, and it is not shown what services were rendered after that date. (5) It does not appear what proportion of the indebtedness claimed was payable to the tax-receiver after that date, by reason of services then rendered.

*Maddox & Doyal, Rosser, Slaton, Phillips & Hopkins,* for plaintiff.

*Denny & Wright,* for defendant.

LUKE, J. The only question raised in this case is whether, under section 1202 of the Civil Code (1910), as amended by an act of the legislature approved August 17, 1918 (Ga. L. 1918, p. 110), the tax-receiver of Floyd county is entitled to be compensated

for his services for the year 1918 as provided therein. It is contended on the part of the county that the act of 1918, supra, did not entitle him to receive more than was allowed him by the pre-existing law in force on January 1 of that year. No constitutional question being raised in this case, and the sole question being as to the time when the said act was applicable in behalf of the tax-receiver, we hold that he was entitled to receive for his services as tax-receiver for the year 1918 the same compensation that the tax-collector of Floyd county was paid for the year 1918 for services as tax-collector. We are of the opinion that the compensation of the tax-receiver is not due and collectible until after the taxes are collected by the tax-collector. We are of the further opinion that the services of the tax-receiver to the county do not end with his completing his digest, but, as provided in section 1197 (6) of the Civil Code (1910), he is required to receive tax-returns at any time when a tax-payer applies to him, to give in such returns. Having the opinion stated, we hold that it was error to sustain the general demurrer to the plaintiff's petition.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*